MEYER et al. v. SMITH et al.

(Supreme Court, Appellate Division, First Department. February 2, 1912.)

REPLEVIN (§ 72*)—OWNERSHIP—EVIDENCE.

   ° In replevin, evidence *held* not to support a verdict for plaintiff, on the theory that the property was not identified as the property of defendant.

   [Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 292–295; Dec. Dig. § 72.*]

Appeal from Trial Term, New York County.

Action by Isaac S. Meyer and others, copartners under the firm name and style of Meyer Bros., against Alfred H. Smith and another, composing the firm of Alfred H. Smith & Co. From a judgment for plaintiffs, and from an order denying a new trial, defendants appeal. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Franklin Bien, for appellants.

Adolph Hirsch Rosenfeld, for respondents.

LAUGHLIN, J. This is an action in replevin to recover a pearl, the ownership of which is claimed by both parties. The plaintiffs are dealers in jewels and precious stones, and their place of business is at 59 Nassau street, borough of Manhattan, New York. About a week prior to the 27th day of May, 1909, one Henry Sessler called at plaintiffs' place of business, and presented the pearl in question unset, and left it with the plaintiffs on memorandum for sale, and fixed the selling price at $1,500. The plaintiffs understood that Sessler was acting for himself as an independent dealer, and had had many other business transactions with him. On said 27th day of May, plaintiffs, having been unable to sell the pearl, purchased it from Sessler for $1,000, paying him by check and taking his receipted bill. The plaintiffs then delivered the pearl to a broker to sell for them; and shortly thereafter he called on the defendants, who were also dealers in jewelry and precious stones, and offered it for sale. One Frazee, a buyer for the defendants, claimed to recognize it as a pearl owned by the defendants, and, on this claim being made, Frazee and the broker called at the office of the latter's attorney, who accompanied them to a magistrate's court, and by direction of the magistrate the pearl was delivered to the property clerk of the police department. One Loewy, from whom Sessler, at the time of the sale to them, informed plaintiffs he had purchased it for $500, was arrested and arraigned in the magistrate's court; but he was subsequently discharged. The plaintiff then brought this action against the property clerk, who

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

interpleaded the defendants. This is the only evidence of title on the part of the plaintiffs. It was conceded that at the time of the commencement of this action, on September 20, 1909, the pearl was worth $1,600.

The defendants claimed, and gave evidence tending to show, that they purchased the pearl in the month of April, 1909, from one Brewer, through his salesman, Kohut; that after purchasing it they set it in a ring with diamonds; that their manager, Vogel, delivered it, with 11 other articles, on May 12, 1909, to one Silo, an auctioneer at 546 Fifth avenue, to be sold at auction; that five days later Vogel called at Silo's, evidently to obtain the proceeds of the articles, if sold, or the articles themselves, if not sold, and Silo's clerk delivered to him and checked off 12 articles, and placed them in an envelope; that Vogel did not inspect them at that time, but inspected them immediately on his return to defendants' place of business, and he then discovered that the pearl and its diamond setting and the ring had not been returned, but that a "fake ring" had been delivered to him in its place by Silo's clerk. The undisputed evidence shows that Silo did not account to defendants for the sale of the ring and pearl. Silo testified that he sold one of the articles delivered to him for sale by the defendants; but he did not know what the article was, nor does it appear whether the sale was made before or after Silo returned the articles to defendant. The evidence tends to show that only 12 articles were delivered to Silo for sale, and that 11 of the articles returned were the articles delivered. It thus appears that Silo was authorized for a period of five days, at least, to sell the pearl, and if he sold it during that time good title passed to the purchaser, and defendants' recourse would be against Silo.

The case, however, was not tried on that theory, but upon the theory that the pearl could not be satisfactorily identified as the one owned by the defendants, and that was the question of fact submitted to the jury, and in submitting it the court charged that there was no evidence that Silo sold the pearl, and it does not appear that any exception was taken thereto. On the question of fact submitted to the jury for its determination, we are of opinion that the verdict is clearly against the weight of the evidence. On the part of the plaintiffs it is claimed, and evidence was given tending to show, that such pearls may readily be matched, and that it is impossible to positively identify them; but on the part of the defendants evidence was given by the testimony of Kohut, from whom the pearl was purchased, and of Frazee, defendants' buyer, and of Vogel, positively identifying the pearl as the one owned by the defendants, and the ring and diamond setting were found in the possession of Sessler, from whom the plaintiffs purchased the pearl.

It follows, therefore, that the judgment and order should be reversed, and a new trial granted, with costs to appellants to abide the event. All concur.